UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, S

| | |
|---|---|
| James B. Skelton;<br>Residents of RAPHA Resident Care,<br><br>          Petitioner,<br><br>vs.<br><br>Dorn Veterans Medical Center,<br><br>          Respondent. | )C/A No. 3:09-1544-MBS-RSC<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

## Introduction

James B. Skelton ("Petitioner"), proceeding *pro se*, brings this civil action which is construed as seeking mandamus relief against a United States defendant.[1] Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. He requests that the respondent be ordered to commit a third party to a psychiatric hospital. The complaint should be dismissed for failure to state a claim on which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

*Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the petitioner's allegations, but rather need only weigh the petitioner's factual allegations in his favor. *Id.*

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per*

2

*curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background</u>

Petitioner alleges that he lives at RAPHA Residential Care in Gaston, South Carolina, and that he and other residents are seeking the immediate removal of "Sam Lucas" from the residential home. Petitioner alleges that Dorn Veterans Medical Center ("Respondent") is located in Columbia, South Carolina. Petitioner alleges that Sam Lucas is a psychiatric patient of Respondent and that Respondent should take custody of Lucas and place him in the psychiatric department of the Dorn Medical Center in order to

3

"treat and rehabilitate his mind, body and soul from the mental confusion he suffers."

Petitioner alleges that Sam Lucas has exhibited the following behaviors: anger problems, accused Petitioner of stealing from him, threatened Petitioner and others, exposed his private parts to female persons at the residential home, sexually harassed female care-givers, interrupted others' conversations, played loud music at night, and broke into someone's auto. Petitioner explains that these are just some examples of Lucas' conduct. Petitioner alleges that Lucas "needs to be removed from RAPHA residential care home immediately before body [sic] harm comes on one of the residents."

This court takes judicial notice that the William Jennings Bryan Dorn VA Medical Center is a facility located in Columbia, South Carolina, that encompasses acute medical, surgical, psychiatric, and long-term care.[2] See http://www.va.gov/columbiasc/ (last visited June 15, 2009). The Dorn Medical Center is a part of the United States Department of Veterans Affairs. Id. Further, it appears that the RAPHA Residential Care Home is a retirement assisted living facility

---

[2] The court may take judicial notice of factual information located in postings on government websites. See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

4

operated      by      a      private      company.      *See*
http://www.retirementhomes.com/North_America/USA/South_Carolina/G
aston/Retirement_Homes/Assisted_living/Rapha_Residential_Care_Inc
.htm (last visited June 15, 2009).

<u>Discussion</u>

District courts, pursuant to 28 U.S.C. § 1361, have "original
jurisdiction of any action in the nature of mandamus to compel an
officer or employee of the United States or any agency thereof to
perform a duty owed to the plaintiff."  Title 28 U.S.C. § 1361.  A
writ of mandamus is issued only in the rarest of circumstances, and
it is a drastic remedy.  *United States v. Sosa*, 364 F.3d 507, 511
(4th Cir. 2004); *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir.
2007).  In *Sosa*, the Fourth Circuit Court of Appeals explained that
when a litigant seeks mandamus relief he must show that, "'he had
no other adequate means to attain the relief he desires' and that
his right to issuance of the writ is 'clear and indisputable.'"
*Sosa*, 364 F.3d at 511.   The party seeking a mandamus "must
demonstrate not only that he has a clear right to the relief sought
but also that the responding party has a clear duty to perform the
act amounting to the relief sought." *See United States v. Oncology
Assoc.*, 198 F.3d 502, 510 (4th Cir. 1999) (explaining that the writ
may issue to private persons or corporations that have a clear
public duty or an agency of the United States without naming a
specific officer).  Mandamus relief is available if the duty of the

5

officer "'is ministerial and so plainly prescribed as to be free from doubt.'" *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986). *See also Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 915-16 (E.D. Va. 1994) (noting the distinction between a purely discretionary act versus a mandatory or ministerial duty which is a positive command so plainly prescribed as to be free from doubt).

In this case based on the alleged facts, the petition for a writ of mandamus is not available for several reasons. Petitioner's right to the issuance of the writ is *not* "clear and indisputable." There is no alleged ministerial or mandatory duty that Respondent must carry out. Petitioner seems to claim that Respondent must institute involuntary commitment proceedings against Sam Lucas to require him to reside in Respondent's psychiatric department. This type of alleged duty would certainly require discretion in that medical professionals at the Respondent agency would have to use their professional judgment to determine if Sam Lucas' mental condition does require that level of treatment. *E.g.*, *Fraser v. United States*, Civ. No. B-87-125 (WWE), 1993 WL 667632 at *5 (D. Conn. July 16, 1993) (noting that doctors did not have an affirmative duty to institute commitment proceedings against a patient as it was left to the professional discretion of the doctors). Therefore, Petitioner's request that

6

Respondent take immediate custody of Sam Lucas is *not* a ministerial act that the Respondent is required to perform.

Further, Petitioner could attempt to pursue his claim under the Federal Tort Claims Act ("FTCA") against the United States because he seems to allege that the Respondent is acting negligently by failing to take control of Sam Lucas and involuntarily commit him to a hospital. The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Therefore, because Petitioner could seek to proceed under the FTCA, he does have other adequate means to try to attain the relief he desires so mandamus relief is not appropriate.[3]

---

[3] This is not to say that he would be successful if he brought a FTCA action. In a FTCA case, federal courts apply "'the law of the place where the act or omission occurred.'" *Dunk v. United States*, No. 95-1149, 1996 WL 34366 at **2 (4th Cir. Jan. 30, 1996); *Currie v. United States*, 836 F.2d 209 (4th Cir. 1987). As discussed in this Report and Recommendation, based on the alleged facts it appears that Respondent would not owe a duty to Petitioner under South Carolina law.

Moreover, a petitioner in a mandamus action must be owed a duty by a United States officer, employee, or agency.  Petitioner requests that Respondent "treat and rehabilitate [Sam Lucas'] mind, body and soul from the mental confusion he suffers."  If Respondent has a duty to properly diagnose and treat Sam Lucas, that duty would be owed solely to Sam Lucas.  *See Bishop v. South Carolina Dep't of Mental Health*, 502 S.E.2d 78 (S.C. 1998) (holding that the department owed the mother a duty to properly diagnose and treat her, not a duty to the victim).  *Cf. Faile v. South Carolina Dep't of Juvenile Justice*, 566 S.E.2d 536, 546-48 (S.C. 2002) (noting in South Carolina there is no general duty to control the conduct of another or to warn a potential victim of danger but there is an exception where an entity has taken control of a dangerous person and there is a substantial risk of harm).  Accordingly, this action for a writ of mandamus should be dismissed for failure to state a claim on which relief may be granted.

Additionally, Petitioner James B. Skelton, proceeding *pro se*, does not have standing to bring this action on behalf of other residents at his retirement home.  He would have to obtain legal counsel to bring their legal claims before this court.  *See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims).  *See also Oxendine v.*

*Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action); *Frank Krasner Enter. v. Montgomery Co., Md.*, 401 F.3d 230, 234-236 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate). In *Myers*, the Fourth Circuit Court of Appeals explained that, "[a]n individual unquestionably has the right to litigate his *own* claims in federal court." *Id*. This is a right of high standing which "'reflects a respect for the choice of an individual citizen to plead his or her own cause.'" *Id*. (quoting *Cheung v. Youth Orchestra Found.*, 906 F.2d 59, 61 (2d Cir. 1990)); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (citing 28 U.S.C. § 1654). However, the right to litigate for *oneself* does not create a similar right to litigate on behalf of others. *Myers*, 418 F.3d at 400. "The reasoning behind this rule is two-fold: it protects the rights of those before the court ..., and jealously guards the judiciary's authority to govern those who practice in its courtrooms...." *Id*. Accordingly, this rule protects the rights of the residents of the retirement home because it is too risky to permit a layperson to litigate their claims due to the risk of the layman's limited competence to litigate. *Id*.

9

<u>Recommendation</u>

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Petitioner's attention is directed to the important notice on the next page.**

June 24, 2009
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).